## CIRCUIT COURT OF FAUQUIER COUNTY

Executors of the Estate of
Barbara H. Noland, Deceased

v.

E. Bruce Noland, Sr., et al.

April 29, 1987

Case No. (Chancery) 7413

BY JUDGE CARLETON PENN

This cause was heard by the court *ore tenus* on March 9, 1987. Although not the subject of formal stipulation, the court deemed the parties to be in agreement that there were four issues before the court for determination:

1. Whether the property settlement agreements, between the decedent, Barbara H. Noland, and E. Bruce Noland, Sr., dated March 3, 1967, and April 14, 1967, bar E. Bruce Noland, Sr., from a statutory share of the estate of the decedent?

2. Whether, if it were found that E. Bruce Noland, Sr., willfully deserted or abandoned his spouse, Barbara H. Noland, during her lifetime, that he would be barred from a statutory share of her estate by reason of Section 64.1-23, Code of Virginia, 1950, as amended?

3. Whether the evidence is sufficient to show that E. Bruce Noland, Sr., willfully deserted or abandoned Barbara H. Noland during her lifetime?

4. Whether the co-executor, Michael D. Baudhuin, is entitled to reimbursement from the estate of Barbara

H. Noland for his costs to include attorneys' fees for bringing this action

E. Bruce Noland, Sr., and Barbara H. Noland were married in 1941. They had five children, who are parties defendant to this suit for aid and direction by the executors of the Estate of Barbara H. Noland. The two executors differ as to whether the fiduciaries should remain neutral and not resist aggressively the claim by Noland of his curtesy as to the property of the decedent, Noland having filed on February 19, 1986, with the Clerk of this court a renunciation of his wife's will. She made no provision for him in her will.

While the agreement stipulated in evidence as Complainants' Exhibit No. 1 refers to March 3, 1967, as the date of separation of Mr. and Mrs. Noland, March 5, 1967, was the date stipulated at hearing. They did not thereafter reside together.

Dealing first with the third issue presented, that of desertion or abandonment, the court is of the opinion that the evidence duly corroborated, plainly preponderated in showing that Noland deserted his wife in March, 1967, when she had to flee with Merry Lynn (Kornegay) from the family home for their safety. As of that time, the court finds:

1. Mrs. Noland was, and had been for some years, in reasonable apprehension of bodily harm to herself and the parties' children at the hands of Noland.

2. Noland struck his wife frequently and had pulled hair from her head on one occasion.

3. Nancy (Baudhuin) had, in the past, observed Noland drunk, raging and cursing, burst open the door of a bedroom in which she and her mother had taken refuge, and attempt to kill her mother by choking. Noland was too strong for the daughter to break his grip on his wife's throat; that he withstood the breaking of a bottle over his head by the daughter; and he loosened his grip only when dazed by a blow from a second bottle, at which time mother and daughter fled from the family home.

4. Noland had threatened his wife with a gun from time to time, saying he would "finish things up," and was guilty of other psychological abuse. Such was his conduct at final separation.

5. Because of Mrs. Noland's fear of Noland, she moved from the family residence eight times between 1957 and 1967 and would not return after separation to the family home (a farm) to bury her dog.

6. Mrs. Noland kept "bags packed" for herself and her children in her car, so they could leave quickly.

7. Noland was physically abusive to his children.

8. Noland's demeanor in denying the aforesaid conduct and that he owned a pistol was less than convincing.

Cruelty is cumulative and Noland's cruelty constituted desertion under the facts of this case. Mrs. Noland was justified in leaving the marital abode. Legally, she might have done so earlier, but the evidence was that her religious tenets constrained her to attempt to avoid divorce.

Accordingly, the court is of the opinion that Code Section 64.1-23 operates to bar Noland "of all interest in the estate of the [decedent] as a . . . tenant by the curtesy . . ." Having disposed of the case (Issues 2 and 3) by this ruling, it is unnecessary to decide the effect of the agreements entered into by Mr. and Mrs. Noland at the time of separation. (Issue 1)

As to Issue 4, since it is the view of the court that a fiduciary is charged with a duty to defend his estate by all appropriate legal means against meritless claims and that the co-executor, Baudhuin, is entitled to reimbursement from the estate for his reasonable costs, including attorneys' fees, for bringing this action, especially since the executors have prevailed herein.